# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JENNIFER J. REINOEHL, ) | |
| PLAINTIFF ) | |
| v. ) | Case No.  1:24-cv-01393-SEB-MG |
| DIEGO MORALES, in his ) | |
| individual and official capacity, ) | |
| DEFENDANT ) | ORAL ARGUMENT REQUESTED |

FILED
AUG 14 2024
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

## PLAINTIFF'S EMERGENCY MOTION FOR PRELIMINARY INJUNCTION WITH ORAL ARGUMENT

Pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, Plaintiff, Jennifer Reinoehl, pro se, respectfully moves this Court for preliminary injunctive relief as set out herein, to restrain Defendant, Diego Morales, from placing Kamala Harris, who has not met any of the election requirements, on the ballot for the general election in Indiana on November 5, 2024. Plaintiff also requests oral arguments for the requested preliminary injunction hearing and if this Court deems proper.

Plaintiff, Jennifer Reinoehl, is an independent voter who went through a burdensome process to get independent candidate Robert F. Kennedy, Jr. get on the ballot in Indiana for the November 5, 2024 general election. She spent months training volunteers who had never done anything political prior; she suffered outdoors in rain and heat collecting signatures alongside other volunteers; she was harassed by government employees and "agents;" she drove throughout the night to deliver petitions to volunteers so they could get to each of the 92 county voter registration offices before the noon, July 1 deadline, and she nerve rackingly waited for

1

those same counties to finish verification so she and the other volunteers could pick them up and take them to the State before the noon July 15 deadline.

By Indiana election laws IC § 3-8-6-17 and 3-13-1-15, which were only discovered by Reinoehl in the past ten days, Democrats and Republicans are able to substitute any candidate at any time and allow candidates to bypass the Supreme Court declared "burdensome" process of the primary elections. This process only requires the new candidate to sign a statement saying s/he agrees to be substituted for the original candidate. Since being substituted without having to undergo the primary process is not "burdensome," and independent candidates cannot bypass their burdensome process of collecting 39,000 verified signatures IC § 3-8-6-17, this gives Democrats (and Republicans) unequal access to the election ballots in Indiana.

Further, the state of Indiana responded to a CNN survey stating that it would allow Kamala Harris ballot access as a substitute for Joe Biden, whom Democrats only sought to replace after a poorly received debate performance against former President Donald Trump.

## Legal Standard

To obtain a temporary restraining order and preliminary injunction, a plaintiff must establish that she possesses:

> (1) a certain and clearly ascertainable right which needs protection; (2) she will suffer irreparable injury without the protection of the injunction; (3) there is no adequate remedy at law for the injury; and (4) plaintiff is likely to be successful on the merits. (Citation omitted.) The fourth element need not be satisfied…if the plaintiff seeks only to preserve the status quo until the ultimate issue is decided. *People ex rel. Stony Island Church of Christ v. Mannings*, 156 Ill. App. 3d 356, 361 (1st Dist. 1987); cf. *Rhoads v. Village of Bolingbrook*, 130 Ill. App. 3d 981, 983 (3rd Dist. 1985); *Blue Cross Association v. 666 North Lake Shore Drive Associates*, 100 Ill. App. 3d 647, 650-51 (1st Dist. 1981).

## Argument

**A. Plaintiff has a certain and clearly ascertainable right that needs protection.**

2

Plaintiff went through the burdensome task of getting independent candidate Robert F. Kennedy, Jr. on the general election ballot in Indiana and spent months doing it.

It is well recognized that the States' powers to determine the conduct of elections must be exercised in a way that is consistent with the Equal Protection and Due Process clauses of the Fourteenth Amendment, and they also must conduct elections in accordance with the interrelated right to associate for political purposes guaranteed by the First Amendment. Williams v. Rhodes (1968), 393 U.S. 23, 21 L.Ed.2d 24, 89 S.Ct. 5; Evans v. Cornman (1970), 398 U.S. 419, 26 L.Ed.2d 370, 90 S.Ct. 1752; Bullock v. Carter (1972), 405 U.S. 134, 31 L.Ed.2d 92, 92 S.Ct. 849; Lubin v. Panish (1974), 415 U.S. 709, 39 L.Ed.2d 702, 94 S.Ct. 1315; Storer v. Brown (1974), 415 U.S. 724, 39 L.Ed.2d 714, 94 S.Ct. 1274; McCarthy v. Briscoe (1976), 429 U.S. 1316, 50 L.Ed.2d 49, 97 S.Ct. 10; Communist Party v. State Board of Elections (7th Cir. 1975), 518 F.2d 517.

IC § 3-8-6-17 specifically (1) lays out an easy process for the candidate of a political party to obtain ballot access in Indiana by being "substituted" for another candidate; and (2) specifically states this process is not available to independent candidates.

**B. Plaintiff will suffer irreparable harm without the protection of an injunction.**

Reinoehl has already undergone the burdensome process of getting Mr. Kennedy on the ballot. The State and this Court cannot go back and relieve her of having to experience that horrendous task, but there is a way to prevent further harm by requiring Democrats to also follow their process or lose ballot access. To allow a Democrat (or Republican for that matter if former President Donald Trump withdraws) who has undergone no election process, who has not collected a single signature before the deadline to do so had expired, who has not had to go through the nerve-wracking process of dropping those signatures off for validation and hoping

3

the county voter registration clerks are able to get them validated in time, would emotionally scar Reinoehl and destroy her trust in the United States' democratic process. It would demonstrate that the system is biased against independents who continue to be a rising majority as "Democrats and Republicans Dwindle."

(https://www.forbes.com/sites/brianbushard/2024/01/12/voters-who-identify-as-independents-skyrocket--as-democrats-and-republicans-dwindle/)

Further, the allegedly impartial Defendant receives no benefit by allowing Kamala Harris, a candidate, who has not gone through the primary process, who not has received any state-outlined show of a "modicum of support", which the Defendant claimed was necessary to place independent candidates on the ballot in his <u>Motion for Judgement on the Pleadings</u> in *Reinoehl v. Merrill* (2022).

### C. Plaintiff has no adequate remedy at law for her injuries.

There is no adequate remedy at law for the injury Plaintiff will suffer by seeing Kamala Harris on the November 2024 general election ballot without her having undergone any process to get on it or meet any deadline associated with it. Monetary damages are inadequate to compensate Plaintiff for the struggles she went through to see her preferred candidate on the November 2024 general election ballot. The State finalizes its ballots and begins printing them in September. The Democrat announcement and state acceptance of a substitute candidate at such a late date does not allow enough time for full court proceedings before this matter can be decided. Once the election passes, there will no longer be a way to remove Kamala Harris' unearned spot on the ballot from her.

### D. Plaintiff has a likelihood of success on the merits of her case.

4

Plaintiff's claims are well-grounded in existing Supreme Court precedent, which has long upheld only the primary process is equally burdensome to the process of collecting numerous signatures for independent candidates. For that reason, the two processes were considered "equal." (*Jenness v. Fortson*, 403 U.S. 431 (1971))

Substitution in Indiana, allows Democrat and Republican candidates to completely bypass the primary process and have unlimited ballot access for any candidate at any time while specifically denying that opportunity to independent candidates.

States have repeatedly claimed before the Supreme Court that they must limit ballot access. See, for example, *Jenness v. Fortson*, 403 U.S. 431 (1971), *Bullock v. Carter*, 405 U.S. 134 (1972). Diego Morales made the same claim to this Court in *Reinoehl v. Merrill*, 2022. A candidate who withdraws helps the states with this goal by reducing the number of people on the ballot. Allowing Democrats to substitute another candidate at any point in the election year, does not achieve this goal.

Since candidates for the Republican and Democrat parties frequently run unopposed in Indiana, there is no justifiable State interest in substituting one candidate with another who has withdrawn. For example, from 2010 to 2018, Patrick Bauer ran unopposed on the Democrat ticket for Indiana House of Representatives District 6 without a Republican (or any) challenging candidate. Out of the 25 members of the Indiana state senate up for election this year, 16 are running in the general election unopposed. Twelve of them are Republican, and four are Democrat.

Reinoehl, therefore, meets the four required steps to obtain a preliminary injunction.

## Conclusion

Wherefore, Plaintiff respectfully requests that this Court enter the following relief:

A. Issue a preliminary injunction enjoining Secretary of State Diego Morales from applying IC § 3-8-6-17 and 3-13-1-15 with respect to the November 2024 general election.

B. Issue a preliminary injunction prohibiting Secretary of State Diego Morales from placing Kamala Harris or any other substitute as the Democratic candidate on the November 2024 general election ballot.

C. Grant such further relief this Court deems just, proper, and equitable.

Plaintiff also respectfully requests that this Court grant this Motion by scheduling a hearing to consider oral arguments and by issuing a preliminary injunction pending a decision on the merits of Plaintiff's claims in this matter. Pursuant to Fed. R. Civ. P. 65(a)(1) Plaintiff has provided notice to Defendants as of the time of making this application and has mailed a copy of all pleadings to Defendants by certified priority mail, return receipt requested.

Dated: August 14, 2024

Respectfully submitted,

**Jennifer Reinoehl**
51860 Cheryl Dr.
Granger, IN, 46530
574-302-6088
E-Mail: commercialsonly@juno.com
Pro se Litigant