UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENNIFER J. REINOEHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-01393-SEB-MG |
| | ) | |
| DIEGO MORALES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON PENDING MOTIONS**

Plaintiff filed her *pro se* complaint and request for preliminary injunction in this court on August 14, 2024. Following an extension of time to reply sought by Defendant, which request the Court granted, Defendant responded to Plaintiff's preliminary injunction request and filed a motion to dismiss on September 26, 2024. Plaintiff filed what turns out to be an unavailing motion to remand, also on September 26, 2024, but thereafter has submitted no other responsive filings in opposition to Defendant's motion. We have waited for such a response to be filed, but shall wait no longer, given that the impending elections which are the subject matter of this litigation are scheduled to occur one day from now, on November 5, 2024. Despite Plaintiff's apparent abandonment of her claim, though lacking any specific indication by her of her intent to do so, we address below and resolve the issues raised in Defendant's pending motion to dismiss.

Now before the Court are the following motions: Plaintiff's Motion for Preliminary Injunction [Dkt. 3]; Defendant's Motion to Dismiss for Lack of Jurisdiction [Dkt. 17]; and Plaintiff's Motion to Remand [Dkt. 20]. Plaintiff Jennifer J. Reinoehl,

1

proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Defendant Diego Morales, Indiana Secretary of State, challenging "Indiana laws allowing Republicans and Democrats to 'substitute' any candidate for another candidate at any time during the election process" on grounds that such statute(s) violate her rights as guaranteed by the First and Fourteenth Amendments to the United States Constitution. Compl. ¶ 76. For the reasons detailed below, Defendant's Motion to Dismiss is GRANTED without prejudice for lack of standing and Plaintiff's Motions for Preliminary Injunction and to Remand are DENIED.

## Factual Background

Ms. Reinoehl is an Indiana resident and registered voter who routinely votes for political candidates from various political parties, including the Democratic, Republican, Libertarian, Green, and Constitution parties. She alleges in this lawsuit that she expended considerable effort and suffered through a burdensome process to ensure that independent candidate, Robert F. Kennedy Jr., would be on Indiana's ballot for the upcoming November 5, 2024 presidential election, while supporters of Democrat and Republican candidates did not have to engage in similar efforts.

The statute Ms. Reinoehl challenges in this action is Indiana Code § 3-8-6-17, which allows for any political party, even those that do not qualify to nominate candidates in a primary or by convention, to make a petition to nominate a replacement candidate for their party. Ind. Code § 3-8-6-17; *see also* Ind. Code § 3-8-6-1(a)(2) (defining the applicable candidates to the chapter per Ind. Code § 3-8-6-18(a)(1)). Ms. Reinoehl maintains that, by allowing Democrats and Republicans to bypass the

"burdensome" process of primary elections, through substitution, without allowing Independents to also bypass their "burdensome" process, Indiana Code § 3-8-6-17 is providing unequal access to the election ballots.

Ms. Reinoehl alleges that to ensure that Robert F. Kennedy, Jr. would appear on the ballot in Indiana, she spent months training volunteers; spent long days outdoors in the elements collecting signatures with other volunteers; was harassed by government employees and "agents"; drove through the night to deliver petitions to volunteers so they could arrive in each of the 92 county voter registration offices before the noon, July 1 deadline; and "nerve rackingly" waited for those same counties to finish verification so she and her fellow volunteers could retrieve the petitions and deliver them to the State before the noon, July 15 deadline. Ms. Reinoehl alleges that, in contrast, "[b]y allowing an overly broad substitution of one candidate [Joe Biden] with another [Kamala Harris] because of a poor debate performance that triggered pressure from those primarily financing the Democrat party, the state of Indiana allows Republicans and Democrats to place anyone on the ballot without undergoing any burdensome process."  Compl. ¶ 66. She claims that Indiana's differing requirements for independent candidates as opposed to candidates of major political parties regarding the substitution of political candidates violate her rights under the First and Fourteenth Amendments to the United States Constitution.  Ms. Reinoehl seeks to have Indiana Code § 3-8-6-17 declared unconstitutional, and to have Defendant enjoined from enforcing Indiana Code § 3-8-6-17 and from allowing Kamala Harris to appear on the ballot in Indiana for the November 2024 presidential election.

## Legal Analysis

### I.     Applicable Legal Standard

Defendant has moved to dismiss this case based on lack of standing.  "Standing is an element of subject-matter jurisdiction in a federal civil action." *Moore v. Wells Fargo Bank, N.A.*, 908 F.3d 1050, 1057 (7th Cir. 2018).  Under Federal Rule of Civil Procedure 12(b)(1), a federal court must dismiss an action where it lacks subject matter jurisdiction. In determining whether subject matter jurisdiction exists, a district court may properly "look beyond the jurisdictional allegations in the complaint" and "view whatever evidence has been submitted." *Roman v. U.S. Postal Servs.*, 821 F.2d 382, 385 (7th Cir. 1987).

### II.    Discussion

Here, Ms. Reinoehl alleges that Indiana Code § 3-8-6-17, which allows all political parties to provide a replacement candidate by petition of nomination, violates her First and Fourteenth Amendment rights because such substitution is not permitted for independent candidates.  However, Ms. Reinoehl is not herself an independent candidate seeking to make a substitution who was prevented from doing so under Indiana law.  By her own account, Ms. Reinoehl's candidate of choice—Robert F. Kennedy, Jr.—is on Indiana's ballot for the November 2024 presidential election and is not seeking a replacement candidate.  Rather, Ms. Reinoehl argues that, while the Court cannot relieve her of the burden she bore to ensure Robert F. Kennedy, Jr. would be on the ballot, the Court will prevent further harm to her by enjoining Indiana from including Kamala Harris on the ballot for the November 2024 presidential election.

4

"No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citation and quotation marks omitted). Article III's Case or Controversy requirement "limits federal courts to resolving concrete disputes between adverse parties," effectively "prevent[ing] federal courts from answering legal questions, however important, before those questions have ripened into actual controversies between someone who has experienced (or imminently faces) an injury and another whose action or inaction caused (or risks causing) that injury." *Sweeney v. Raoul*, 990 F.3d 555, 559 (7th Cir. 2021) (citation omitted). As such, the plaintiff, as the party invoking federal jurisdiction, bears the burden of first establishing that they "have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal citations and quotation marks omitted). To establish standing, the plaintiff must also demonstrate "a causal connection between the injury and the conduct complained of—the injury has to be 'fairly trac[able] to the challenged action of the defendant, and not th[e] result [of] the independent action of some third party not before the court." *Id.* Finally, the plaintiff must show that it is "likely" as opposed to merely "speculative" that the injury will be "redressed by a favorable decision." *Id.* at 561.

Ms. Reinoehl claims that, absent the relief she seeks, she will be injured by having to continue to undergo burdensome processes of getting her desired candidates on the ballot and having to see Kamala Harris, who was not required to follow a similar

procedure, on Indiana's ballot.  However, Ms. Reinoehl, as a private citizen of Indiana, does not have a legally protected interest in seeing the names of only those candidates that she deems to have rightly earned a spot there on the presidential ballot.  Moreover, Ms. Reinoehl previously pursued a constitutional challenge against Mr. Morales in his official capacity as Secretary of State regarding the process independent candidates must undertake to be placed on Indiana's election ballots; the Court ruled that the signature requirement in Indiana's ballot access laws is constitutional.  *Reinoehl v. Morales*, No. 1:22-cv-1974-JRS-TAB, 2023 WL 11016387, at *2 (S.D. Ind. Oct. 13, 2023).  The relief she seeks in this litigation, to wit, enjoining the Secretary of State from enforcing Indiana Code § 3-8-6-17, will not alter the requirements for independent candidate nomination, and thus, will not redress the injury Ms. Reinoehl alleges she has suffered and will continue to suffer in the future from being required to follow Indiana's independent candidate nomination procedures.  For these reasons, Ms. Reinoehl has failed to establish that she has suffered any cognizable injury likely to be redressed by a favorable ruling as is required to establish standing.

### III.    Conclusion

For the reasons explicated above, we <u>GRANT</u> without prejudice Defendant's Motion to Dismiss for Lack of Jurisdiction [Dkt. 17] based on standing and <u>DENY</u> Plaintiff's Motion for Preliminary Injunction [Dkt. 3].  Plaintiff's Motion to Remand [Dkt.

20] is also <u>DENIED</u> as this case was originally filed in federal court and we thus lack authority to remand it to state court. Final judgment shall be entered accordingly.

    IT IS SO ORDERED.

Date: _____11/4/2024_____　　　　　　_____
                                                SARAH EVANS BARKER, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distribution:

JENNIFER J. REINOEHL
51860 Cheryl Dr.
Granger, IN 46530

J. Derek Atwood
INDIANA ATTORNEY GENERAL
derek.atwood@atg.in.gov

Trent Douglas Bennett
Office of Indiana Attorney General
trent.bennett@atg.in.gov

Bradley Davis
Office of IN Attorney General
bradley.davis@atg.in.gov